David and Dolores **ALVARADO** et al.,
Plaintiffs-Appellants,

v.

**EL PASO INDEPENDENT SCHOOL DIS-
TRICT** et al., Defendants-Appellees.

No. 71-1555.

United States Court of Appeals,
Fifth Circuit.

June 16, 1971.

Rehearing Denied and Rehearing En
Banc Denied July 14, 1971.

Fred Weldon, El Paso, Tex., for plaintiffs-appellants.

Morris A. Galatzan, Harold L. Sims, A. R. Grambling, El Paso, Tex., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BY THE COURT:

This class action by fourteen Mexican-American parents on behalf of themselves and children, and all other children and parents in the El Paso, Texas Independent School District, alleges racial and ethnic discrimination in said school system in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1981, 1983, 1988, 2000c-8 and 2000d. In our view, the complaint clearly states a cause of action. Brown v. Board of Education of Topeka, Kansas, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954). It was improvidently dismissed on the pleadings by the District Court, see Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Pred v. Board of Public Instruction, 5 Cir., 1969, 415 F.2d 851, 852 n. 1, with reasons assigned which are erroneous as a matter of law. Brown v. Topeka, *supra*; United States v. Jefferson County Board of Education, 5 Cir., 1966, 372 F.2d 836, at 865; decree modified, 380 F.2d 385 cert. denied, Caddo v. Parish School Board, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103 (1967), and other cases too numerous to list.

The judgment of the District Court, 326 F.Supp. 674, is reversed and the cause is remanded with direction that the District Court forthwith hold a full and complete hearing to determine if the school desegregation policies of the School District (especially as they relate to student assignment, desegregation of faculty and other staff, majority to minority transfer policy, transportation, school construction and site selection, and attendance outside system of residence) comply with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554, and this Court's numerous decisions relative to school desegregation, especially United States v. Jefferson County, *supra*; Singleton v. Jackson Municipal Separate School District, en banc, 5 Cir., 1970, 419 F.2d 1211; Id. 425 F.2d 1211;

Carter v. West Feliciana Parish School Board, 5 Cir., 1970, 432 F.2d 875; United States v. Hinds County School Board, 5 Cir., 1970, 433 F.2d 611, at 618–619 (as that decision also relates to the requirement that School Boards file semiannual reports during the school year).

The mandate shall issue forthwith.

Reversed and remanded with direction.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.