**2**

Johnny WILLIAMS, on behalf of himself and other persons similarly situated, Plaintiffs-Appellants,

v.

DEKALB COUNTY, A Political Subdivision of the State of Georgia, et al., Defendants-Appellees.

No. 76–2998.

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1978.

Edward Lundy Baety, Atlanta, Ga., Fletcher Farrington, Savannah, Ga., for plaintiffs-appellants.

George P. Dillard, Herbert O. Edwards, Wendell K. Willard, Decatur, Ga., J. Lewis Sapp, Charles K. Howard, Jr., Atlanta, Ga., for defendants-appellees.

Before TUTTLE and CLARK, Circuit Judges, and EDENFIELD,* District Judge.

PER CURIAM:

Upon motion for rehearing, a majority of the court agrees with Judge Clark's special concurring opinion. The opinion is accordingly modified to hold that under the teaching of *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), the named plaintiff and the class must make a showing of purposeful discrimination before casting the burden on the defendant to rebut the charge; that a claim under § 1981 is, for this purpose, to be equated with a

* U.S. District Judge of the Northern District of Georgia, sitting by designation.

claim under the Fourteenth Amendment, dealt with by the court in *Washington,* rather than under Title VII of the Equal Employment Opportunity Act.

That part of the panel opinion headed "Conclusion" [577 F.2d at 256] is therefore deleted from the opinion as are the statements holding that a prima facie case is made by statistics alone. The following "Conclusion" is substituted for the corresponding part of the original opinion:

## CONCLUSION

The trial court decided the case before *Washington v. Davis, supra,* and thus did not find it necessary to determine whether there was purposeful discrimination. The case must be remanded to the trial court to determine whether the plaintiff's evidence—including the statistical data—established a prima facie case of discriminatory purpose which, if unrebutted, would establish liability. If the court finds that such a prima facie case has been made out, we adhere to our other determinations contained in the original opinion[1] and the trial court will then resolve the questions we have set forth there.

The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.

Judge Tuttle would adhere to the original opinion of the panel.

No member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is DENIED.

---

1. None of the determinations in that opinion have been challenged by the petition for rehearing except that dealing with the standard of proof under § 1981.