Edward SHANKLIN, Jr.

v.

DOW CHEMICAL COMPANY.

Civ. A. No. 77–275–B.

United States District Court,
M. D. Louisiana.

July 30, 1980.

Etta Kay Hearn, Baton Rouge, La., for Edward Shanklin, Jr.

Boris F. Navratil, Breazeale, Sachse & Wilson, Baton Rouge, for Dow Chemical Co.

POLOZOLA, District Judge:

This suit was filed by Edward Shanklin, Jr. against Dow Chemical Company (Dow). Plaintiff contends that he was discharged by Dow for racially discriminatory reasons in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Dow denies any liability to the plaintiff and claims it has acted in a non-racial manner toward Shanklin.

In a Title VII suit, the plaintiff carries the burden of establishing a prima facie case of employment discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In *McDonnell Douglas*, the United States Supreme Court set forth the elements of a prima facie case where the suit is based on an employer's refusal to hire. This rule has also been applied to discharge cases. *Marks v. Prattco, Inc.*, 607 F.2d 1153 (5 Cir. 1979); *Flowers v. Crouch-Walker Corp.*, 552 F.2d 1277 (7 Cir. 1977). Under *McDonnell Douglas*, the complainant in a Title VII suit must carry the initial burden of establishing a prima facie case of racial discrimination. The plaintiff may satisfy this requirement by proving: (1) he is a member of a protected minority; (2) he is qualified for the job for which he applied or was discharged from; (3) he was not hired or he was discharged despite his qualifications; and (4) after he was discharged or after the refusal of the defendant to hire him, the employer filled the position with non-minorities. *McDonnell Douglas Corp. v. Green*, supra; *Marks v. Prattco, Inc.*, supra. If the plaintiff makes the requisite prima facie showing, the burden then shifts to the defendant to set forth some legitimate, non-discriminatory reasons for the defendant's actions. Finally, the plaintiff must be afforded an opportunity to show that the proffered reason is in fact a pretext designed to cover what is actually an illegal act of discrimination. A plaintiff in a Title VII case need not show that his employer intentionally discriminated against him. *Hamilton v. General Motors Corp.*, 606 F.2d 576 (5 Cir. 1979). The Court should also note that while the complaint and the pre-trial order set forth a claim under 42 U.S.C. § 1981, the parties have not briefed this claim. An employee filing a claim under 42 U.S.C. § 1981 must "make a showing of purposeful discrimination before casting the burden on the defendant to rebut the charge." *Williams v. DeKalb County*, 577 F.2d 248, Rehearing 582 F.2d 2 (5 Cir. 1978). See also: *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Grigsby v. North Mississippi Medical Center, Inc.*, 586 F.2d 457 (5 Cir. 1978). There has been no showing made that Dow was guilty of purposeful discrimination in this case.

As in any case, the credibility of the witnesses who testified at the trial is for the trial court to determine. *Blunt v. Marion County School Board*, 515 F.2d 951 (5 Cir. 1975); *Blum v. Gulf Oil Corporation*, 597 F.2d 936 (5 Cir. 1979).

A careful review of the entire record in this case clearly shows that the plaintiff has failed to make a prima facie or other showing of racial discrimination on the part of the defendant Dow. Even if the Court assumes plaintiff has made a prima facie showing, Dow has shown by a preponderance of the evidence that the action taken against Shanklin was based on non-discriminatory grounds. Shanklin has failed to show that the evidence presented by Dow was mere pretext for racial discriminatory actions.

In short, the Court finds that Dow discharged Shanklin for proper and non-discriminatory reasons which were fully supported and justified by the evidence presented in this case.

Shanklin, a black male, was employed by Dow at its Plaquemine, Louisiana plant in October of 1969 as a junior operating technician in the Polyvinyl B plant. Thereafter, Shanklin's classification changed to operating technician and he was moved to the laboratory. In the Poly B laboratory, Shanklin worked as a chemical analyst and assistant chemist. On July 26, 1976, the plaintiff was discharged from Dow's employment.

The Dow Chemical Plant at Plaquemine, Louisiana is composed of several independent production units or plants. In 1969 Dow employed 1,009 employees. Twenty-four of these employees were black. When plaintiff was terminated in 1976, there were approximately 1,699 employees at the Dow plant, of whom 228 were black. In December of 1978, blacks held 319 of the 2,070 positions at Dow. During a twenty-four month period ending June 30, 1976, blacks represented 9.76% of the employees employed at the Dow plant, but received 19.2% of the promotions given during this period. In the Poly-B plant where plaintiff was employed, there were 15 blacks employed out of a total of 75 employees. When plaintiff was discharged, Dow replaced him with a black female employee.

Dow contends the plaintiff was discharged for legitimate reasons. Plaintiff contends his discharge was racially motivated. The evidence presented at the trial reveals that Dow discharged the plaintiff for the following reasons:

(1) sleeping on the job;

(2) excessive absenteeism;

(3) unexcused absences from safety meetings;

(4) insubordination;

(5) leaving work without getting permission of a supervisor; and

(6) taking excess vacation without permission.

The plaintiff does not deny the above events occurred and attempted to explain each of the specific occurrences. However, the Court, after reviewing all of the evidence presented and considering and evaluating the credibility of the witnesses who testified at the trial, finds that the plaintiff was discharged for legitimate reasons. The Court further finds that plaintiff's discharge was not racially motivated. When the Court considers the entire work record of the plaintiff, the Court must and does conclude that there were no discriminatory practices by Dow in the decision it made to discharge the plaintiff. The Court further finds that Dow's decision to terminate the plaintiff cannot in any way be said to be a pretext for racial discriminatory practices.

Shanklin was discharged on July 26, 1976 as a result of several incidents which began on May 6, 1976. On May 6, 1976, Shanklin failed to attend a regularly scheduled safety meeting. Thereafter, plaintiff refused to discuss his absence with Jerry LeBlanc, plaintiff's supervisor, in violation of the company's rules set forth in the Employee Information Manual. On May 7, 1976, the plant superintendent sent plaintiff a warning letter which advised the plaintiff of possible discharge from the company for continued violation of company rules. Although plaintiff received the warning letter, on May 23, 1976, without seeking advance permission from his supervisor, he left his job after working only half a shift. This act constituted another violation of company policy. In July of 1976, plaintiff went on vacation. However, without seeking permission from the company, plaintiff took an additional two days of vacation.

The evidence presented at the trial revealed that plaintiff missed approximately nine of the last sixteen safety meetings held before his termination. While some of these meetings followed a 16 hour shift, it is clear that plaintiff took every opportunity to miss a safety meeting. There was also evidence presented to show that plaintiff slept on the job on several occasions and received warning letters for these acts.

The Court finds that Dow made every effort to counsel and work with the plaintiff to make him a better employee and to listen to and remedy his complaints. Calvin H. McClinton, a black employee who serves as the EEOC Manager at Dow, testified he

counseled with plaintiff on several occasions. McClinton stated he could find no grounds to support plaintiff's complaints of racial discrimination. The witness concluded his testimony by stating in a very unequivocal manner that plaintiff's dismissal was not racially motivated.

James Campbell, the industrial relations manager at Dow, testified that he has instituted programs at Dow to help blacks and other minorities obtain better jobs and promotions. As a result of new programs at Dow, the number of blacks employed at Dow has tripled since he came to the Dow plant in Plaquemine. In an effort to help the plaintiff with his job performance, Campbell testified that he began to meet with the plaintiff in April of 1975. Thereafter, Campbell met with plaintiff's supervisors. Specific recommendations were made to the plaintiff regarding plaintiff's work performance and attitude. There were some ten to twelve meetings held with the plaintiff following the April meeting. Campbell testified that race was not a factor in plaintiff's discharge.

Even witnesses who were called by the plaintiff testified that blacks were treated fairly at the plant, particularly since Campbell and Guy Watkins came to the plant. For example, Herman Bowie, a black employee who testified for the plaintiff, stated that Dow did not discriminate against blacks in jobs, promotions or salaries.

The Court cannot overlook the fact that when the plaintiff was fired, Dow hired a black female employee to replace him. In addition, Dow continues to employ two of plaintiff's brothers at the plant.

Thus, in summary, the Court finds that plaintiff has not made a prima facie or other showing of discrimination on the part of the defendant. Even if the Court assumes plaintiff has made a prima facie showing, the defendant has shown by a preponderance of the evidence that the action taken against the plaintiff was based on non-discriminatory grounds. Plaintiff has failed to show that the reasons proven by the defendant were mere pretext for racial discriminatory actions. In reaching

its decision, the Court took into consideration all the claims made by the parties whether discussed herein or not.

Defendant also seeks attorney fees as the prevailing party herein. Under the facts, the Court does not believe the defendant is entitled to attorney fees.

Therefore, for the reasons set forth above:

IT IS ORDERED that plaintiff's suit against Dow Chemical Company be dismissed with prejudice.

Judgment shall be entered accordingly.