Gayle **BULLARD** et al.,
**Plaintiffs-Appellants,**

v.

**OMI GEORGIA, INC., and Kawasaki Oshema, Individually,
Defendants-Appellees.**

No. 80–7379
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

March 23, 1981.

Nelson & Sweat, David Russell Sweat, Joseph C. Nelson, III, Athens, Ga., Araguel, Sanders, Carter & Swain, Eugene K. Swain, Columbus, Ga., Pope, Herman & Lewis, C. Neal Pope, Phenix City, Ala., for plaintiffs-appellants.

Page, Scrantom, Harris, McGlamry & Chapman, Mark R. Youmans, Columbus, Ga., Hansell, Post, Brandon & Dorsey, W. Lyman Dillon, Atlanta, Ga., for defendants-appellees.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

VANCE, Circuit Judge:

Appellants brought this 42 U.S.C. § 1981 suit in district court complaining that they had been discharged because of their race and national origin. On the basis of the pleadings and affidavits the district court concluded that appellants' action was for discrimination on the basis of national origin alone and that they had therefore failed to state a cause of action under section 1981. Because we find that it is impossible to determine from the record before us to what extent the alleged discrimination stems from appellants' race as opposed to national origin, we hold that summary judgment was inappropriate and reverse.

The five appellants in this case, some of whom are black and some of whom are white, are former employees of appellee Omi Georgia, Inc. All are natives of the United States. In their complaint, they allege that they were discharged from their positions because of their participation in union organizing activities.[1] In separate paragraphs they allege that apart from these activities they were discharged because of their race and national origin respectively. They state that they were immediately replaced by new employees whose race was Oriental and whose national origin was Korean. The decision to replace the appellants, according to their complaint, was made by appellee Toschiichi Oshima,[2] whose race is Oriental and whose national origin is Japanese. In support of their position, appellants submitted affidavits of 20 present and former employees of Omi, including appellants' own affidavits, establishing as factual contentions that appellants were discharged and replaced by Orientals. In support of their motion for summary judgment, appellees have submitted three affidavits denying that appellants were replaced by Orientals.

The language of Fed.R.Civ.P. 56(c) clearly indicates that summary judgment is inappropriate whenever a genuine issue of material fact exists. This court has observed that the party seeking summary judgment bears the burden of proof, that "any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party," and that "a court can only enter a summary judgment if *everything* in the record—pleadings, depositions, interrogatories, affidavits, etc.—

1. It appears that appellants have instituted proceedings before the National Labor Relations Board concerning alleged unfair labor practices.

2. Incorrectly named as Kawasaki Oshema in the complaint.

demonstrates that no genuine issue of material fact exists." *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980) (emphasis in original).

Appellants' affidavits supported allegations that plaintiffs were members of a class protected under section 1981, *see McDonald v. Santa Fe Trail Transport Co.*, 427 U.S. 273, 285-96, 96 S.Ct. 2574, 2581-86, 49 L.Ed.2d 493 (1976) (blacks and whites both protected under section 1981), and that they were qualified employees who were discharged and replaced by Orientals. Appellants have thus alleged the elements of a claim under section 1981 and have offered evidence in support of that claim. Although defendants' affidavits dispute plaintiffs' allegations, it seems clear that a genuine issue of material fact exists.

The district court nevertheless granted appellees' motion for summary judgment because it concluded that "the gravamen of the action is the Plaintiffs' allegation that the Defendants have discriminated against them on the basis of national origin—that they have been discharged because they are Americans and Koreans have been hired to take their jobs."

The Supreme Court has stated in dicta that section 1981 relates primarily to racial claims, *see McDonald v. Santa Fe Trail Transport Co.*, 427 U.S. 273, 287, 96 S.Ct. 2574, 2582, 49 L.Ed.2d 493 (1976); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60, 95 S.Ct. 1716, 1719-20, 44 L.Ed.2d 295 (1975), and this circuit has also stated that section 1981 does not encompass discrimination based solely on national origin, *Olivares v. Martin*, 555 F.2d 1192, 1196 (5th Cir. 1977). As noted above, however, plaintiffs do not charge only discrimination based on national origin. In a separate paragraph of their complaint, they allege that they were discharged because of their race and their affidavits support a charge of racial discrimination equally well as one of discrimination because of their national origin.

This court has observed that "[w]hen dealing with employment discrimination cases, which usually necessarily involve examining motive and intent, as in other cases which involve delving into the state of mind of a party, granting of summary judgment is especially questionable." *Hayden v. First National Bank*, 595 F.2d 994, 997 (5th Cir. 1979). *Accord, Foster v. Swift & Co.*, 615 F.2d 701, 702 (5th Cir. 1980). Particularly is this the case when a court must decide whether defendants have discriminated on the basis of race or national origin. In some contexts, "'national origin' discrimination is so closely related to racial discrimination as to be indistinguishable." *Spiess v. C. Itoh & Co.*, 408 F.Supp. 916, 928 n.17 (S.D.Tex.1976) (holding that white Americans had stated a claim against Japanese-owned corporation under section 1981) (*quoting Godbolt v. Hughes Tool Co.*, 63 F.R.D. 370 (S.D.Tex.1972)). *Accord, Enriquez v. Honeywell, Inc.*, 431 F.Supp. 901, 904 (W.D.Okl.1977) ("[T]he line between discrimination on account of race and discrimination on account of national origin may be so thin as to be indiscernible...."). Thus, while discrimination purely on the basis of national origin does not create a cause of action under section 1981, this court has held that a complaint by Mexican-Americans alleging racial and ethnic discrimination "clearly states a cause of action" under the statute. *Alvarado v. El Paso Independent School District*, 445 F.2d 1011 (5th Cir. 1971). *See also Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 970 (10th Cir. 1979) (holding that plaintiff of Mexican-American descent had stated a claim of racial discrimination since the group to which he belonged is "of such an identifiable nature that the treatment afforded its members may be measured against that afforded Anglos."); Comment, *Developments in the Law—Section 1981*, 15 Harv.C.R.–C.L.L.Rev. 29, 82–90 (1980) and cases cited therein.

Appellants have stated and supported a case of racial discrimination. The line between national origin discrimination and racial discrimination is an extremely difficult one to trace. An attempt to make such a demarcation before both parties have had an opportunity to offer evidence at

trial is inappropriate.  Accordingly, we reverse and remand.

REVERSED and REMANDED.