Natividad **VASQUEZ**, Plaintiff-Appellant,

v.

**McALLEN BAG & SUPPLY COMPANY**, Defendant-Appellee.

No. 81–2114

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1981.

---

George P. Powell, Texas Rural Legal Aid, Inc., Edinburg, Tex., for plaintiff-appellant.

James B. Corcoran, Neil Norquest, McAllen, Tex., for defendant-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff, Natividad Vasquez, appeals from the district court order denying his claim of discriminatory hiring practices on the basis of national origin under 42 U.S.C. § 1981. The discriminatory practice alleged is a requisite that the applicant for a truck driver's position be able to speak English, in an area where 85 percent of the population is of Mexican-American origin and where 60 percent of the population are monolingual Spanish speaking persons. The dispositive issue in this appeal is whether a suit brought under section 1981 requires proof of discriminatory intent. The district court found the plaintiff had not proved such intent on the part of the defendant. We affirm.

Natividad Vasquez, who speaks only Spanish, had been periodically hired as a seasonal truck driver for the defendant company, McAllen Bag & Supply Company, a small, privately owned company which employs between twenty and thirty persons. He had performed his duties satisfactorily in the past. Pursuant to a policy of hiring only English speaking truck drivers instituted by the defendant in 1977, the plaintiff was not re-hired when he re-applied for seasonal employment as had in the past been readily accorded to him. Vasquez filed the present suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981 alleging discrimination on the basis of national origin. The plaintiff's Title VII claim was dismissed for failure to satisfy the jurisdictional prerequisites.

After a bench trial on the section 1981 claim, the district court found that, while the employer's policy would tend to discriminate against Mexican-Americans because a significant number do not speak English, there was no showing made that the employer (who can communicate with his drivers only in English) had the requisite discriminatory motive in instituting a policy of hiring only English speaking, or bilingual, truck drivers. The plaintiff's appeal principally questions the district court's finding of law that, despite discriminatory *impact*, a section 1981 claimant cannot recover against his employer for the discriminatory practice unless it was motivated by discriminatory *purpose*.

Initially, we pretermit the issue raised by the defendant as to whether Vasquez stated a claim of discrimination based on national origin that is cognizable under section 1981.[1] Assuming, *arguendo*, that the plaintiff's suit does state a section 1981 cause of action, we hold that the district court was not clearly erroneous in its finding that the plaintiff failed to show the discriminatory intent necessary to prove a claim under section 1981.

■ With regard to the discriminatory intent issue, in *Crawford v. Western Elec. Co., Inc.*, 614 F.2d 1300 (5th Cir.), *reh. denied*, 620 F.2d 300 (1980)—a suit based on claims of racially discriminatory employment practices against a private employer—we stated that "an action under 42 U.S.C. § 1981 requires a showing of discriminatory intent." *Id.* 614 F.2d at 1309 and 1315. We further stated that under *Title VII* in suits seeking to prove disparate treatment, discriminatory intent is also required, but may not be under *Title VII* claims seeking to prove disparate impact. *Id.* 614 F.2d at 1309 and 1315.[2] In *Crawford* we remanded the case as to all plaintiffs who established a "significant showing of statistical disparity ... coupled with credible evidence of

---

1. *See Bullard v. Omi Georgia, Inc.*, 640 F.2d 632, 634 (5th Cir. 1981); *Garcia v. Gloor*, 618 F.2d 264, 271 (5th Cir. 1980); *Manzanares v. Safeway Stores, Inc.*, 593 F.2d 968, 970 (10th Cir. 1979); *Alvarado v. El Paso Independent School District*, 445 F.2d 1011 (5th Cir. 1971).

2. The plaintiff strongly contends that intent under a section 1981 claim need only be shown in

racial conduct." *Id.* 614 F.2d at 1318. We affirmed, however, the judgment rendered against the two plaintiffs who presented no evidence of racially motivated conduct toward them. *Id.* 614 F.2d at 1318.

The plaintiff Vasquez nevertheless contends that, in cases involving disparate *impact* under section 1981, discriminatory intent need not be proved. In support of his contention he relies on the standard used in Title VII suits, where intent is only a necessary element of the plaintiff's burden where disparate *treatment* has been shown, and on his belief that jurisprudence establishing the standard under section 1981, which requires the plaintiff to show intent, was erroneously based on constitution-based cases. In confirming that a plaintiff must show intent in a section 1981 case before the burden shifts to the defendant, we have distinguished the less stringent requirements applied to Title VII claims that do not require proof of discriminatory purpose. *Grigsby v. North Miss. Medical Center, Inc.*, 586 F.2d 457, 460–61 (5th Cir. 1978). In so doing, the court recognized that *Williams v. DeKalb County*, 582 F.2d 2 (5th Cir. 1978), which in turn relied on *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), "equated § 1981 standards with the purposeful discrimination requirement of the fifth and fourteenth amendments." *Grigsby v. North Miss. Medical Center, Inc.*, *supra*, 586 F.2d at 461. Vasquez essentially contends, then, that *Williams* and the subsequent Fifth Circuit decisions were incorrect in holding that under *Washington v. Davis* discriminatory intent must be proved in section 1981 claims, as well as in constitution-based claims. This panel is unable, however, to disregard prior circuit precedent.

■ The defendant employer presented evidence that its policy of hiring only English speaking truck drivers was supported by a legitimate, non-discriminatory reason, i. e., business advantage and convenience of having truck drivers able to communicate with both English and Spanish speaking customers and to understand instructions by the owners, who speak only English.

The district court found on the evidence presented that the English-speaking language requirement was not shown to be instituted for the purpose or intent of discriminating against Mexican-Americans, a prerequisite for recovery under a section 1981 claim. *Crawford v. Western Elec. Co., Inc., supra*, 614 F.2d at 1309, 1315. *Cf., Washington v. Davis*, 426 U.S. 229, 238–39, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976) (burden of proof under the fifth amendment); *Williams v. DeKalb County*, 582 F.2d 2 (5th Cir. 1980) (On rehearing). The court further found that the evidence indicated the percentage of Mexican-Americans in the defendant's work force had not been affected by the new policy.

Based on the record before us we cannot say the factual findings of the district court are clearly erroneous. Fed.R.Civ.P. 52(a). Therefore, we AFFIRM the district court's order that the plaintiff take nothing due to his failure to prove the requisite discriminatory intent by the defendant employer in its language-requirement.

AFFIRMED.

suits involving disparate treatment cases. Regarding Title VII suits the plaintiff is correct; however, for a suit under section 1981 this circuit requires discriminatory intent be shown in disparate impact claims. *See Crawford*, 614 F.2d at 1309, 1315.