Henry H. **EVANS, Plaintiff,**

v.

**INTERSTATE BRANDS CORPORA-
TION d/b/a Dolly Madison
Company, Defendant.**

**Civ. A. No. C82–568A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 28, 1983.

Sonja L. Salo, Kane, McGuire & Salo, Atlanta, Ga., Janice McKinney, Norcross, Ga., for plaintiff.

Robert J. Martin, Jr., Bennet D. Alsher, Elarbee, Clark & Paul, David C. Hagaman, Clark, Paul, Hoover & Mallard, Atlanta, Ga., for defendant.

ORDER

ROBERT H. HALL, District Judge.

The instant lawsuit arose out of the alleged discriminatory discharge of the plaintiff, Henry H. Evans ("Evans") by his employer, defendant Interstate Brands Corporation ("the Company"). In April 1971, Evans was hired by the Company as a "route salesman;" his primary responsibility was

the delivery of the Company's cake products to retail customers. On August 19, 1981, Evans was confronted by his supervisor, Division Manager Robert Morgan, concerning Evans' purported continuing violation of company rules and regulations. The two men exchanged heated words, and a fight ensued, during which Evans hit Morgan and removed from Morgan's jacket pocket a small automatic pistol. On August 21, 1981, Evans was discharged for violation of Company Rule of Conduct number 8, prohibiting fighting on Company premises. On September 9, 1981, Robert Morgan was discharged for violating Company Rule of Conduct number 9, prohibiting employees from carrying firearms on Company property. Evans then filed a complaint with EEOC, which issued its Notice of Right to Sue on December 23, 1981. Evans then timely filed this action on March 17, 1982, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Presently pending before this court is the defendant's motion for summary judgment.

On a motion for summary judgment, the party seeking summary judgment bears the exacting burden of demonstrating that there is no actual dispute as to any material fact in the case. The evidence presented must be construed in favor of the party opposing the motion, and the opposing party must receive the benefit of all favorable inferences that can be drawn from the evidence. In the instant case, this court finds sufficient outstanding factual issues to warrant denial of the defendant's motion.

In *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1972), the Supreme Court outlined the showing that a Title VII plaintiff must make in order to establish a *prima facie* case of racial discrimination. This analysis may be modified as necessary to conform to the facts of a particular case. *See, e.g., McDonald v. Santa Fe Trail Transportation Co.,* 427 U.S. 273, 283, 96 S.Ct. 2574, 2580, 49 L.Ed.2d (1975). There is admittedly some

confusion in the Eleventh Circuit as to precisely what constitutes a *prima facie* case for discriminatory discharge due to unequal imposition of discipline for employee violations of work rules. Nonetheless, the Company's reliance upon *Green v. Armstrong Rubber Co.,* 612 F.2d 967 (5th Cir.1980), *cert. denied,* 449 U.S. 879, 101 S.Ct. 227, 66 L.Ed.2d 102, is clearly misplaced. In that case, the court held that to state a *prima facie* case "[w]ith respect to discharge for violation of work rules, the plaintiff must first demonstrate by a preponderance of the evidence either that he did not violate the rule or that, if he did, white employees who engaged in similar acts were not punished similarly." *Id.* at 968. In *Anderson v. Savage Laboratories, Inc.,* 675 F.2d 1221 (11th Cir.1982), however, the Eleventh Circuit stated that "[t]he court in *Green v. Armstrong Rubber Co., supra,* suggested that the work rule test [outlined above] operates to define a plaintiff's prima facie case for proving discrimination where the defendant asserts that the plaintiff was discharged for violating a work rule. Upon more careful consideration, we conclude that the 'work rule' test does not affect a plaintiff's *prima facie* case but rather describes the burden of proving that the defendant's justification for discharging the plaintiff for violating a work rule was merely pretextual." *Id.* at 1224, n. 4.

The failure of the court in *Anderson* to outline in detail what in fact does constitute the plaintiff's *prima facie* burden in a "work rule" case suggests that the four-part test set out by the Fifth Circuit in *Brown v. A.J. Gerrard Mfg. Co.,* 643 F.2d 273, 276 (5th Cir.1981)[1] still prevails in this Circuit. In that case, the court indicated that a plaintiff demonstrates a *prima facie* case for discriminatory discharge based on violation of a work rule if a showing is made "(1) that plaintiff was a member of a protected group; (2) that there was a company policy or practice concerning the activ-

---

1. In the *en banc* case of *Bonner v. City of Prichard Ala.,* 661 F.2d 1206 (1981), the Eleventh Circuit adopted as binding precedent those decisions of the former Fifth Circuit rendered prior to October 1, 1981. In addition, decisions rendered subsequent to October 1, 1981 by Unit B of the Fifth Circuit are also binding upon this court.

ity for which he or she was discharged; (3) that non-minority employees either were given the benefit of a lenient company practice or were not held to compliance with a strict company policy; and (4) that the minority employee was disciplined either without the application of a lenient policy, or in conformity with the strict one." *EEOC v. Brown & Root, Inc.,* 688 F.2d 338, 340–1 (5th Cir.1982) (restating with approval the four-part *Brown* test).[2]

The first two elements of this test are clearly present in this case, inasmuch as plaintiff Evans is a black employee who was discharged pursuant to a Company rule prohibiting fighting on Company property. In addition, the evidence establishes that although Evans was discharged for fighting within two days of the incident, Morgan, who was clearly involved in the altercation along with Evans, was not discharged until more than two weeks later, and even then was terminated not for fighting but rather for carrying a gun on Company premises. The plaintiff has clearly succeeded in establishing a *prima facie* case according to the guidelines set forth in *Brown* and *Brown & Root.*

Moreover, as the court in *Brown & Root* noted in reversing the trial court's grant of summary judgment to the defendant employer, the issue of whether a plaintiff has made a *prima facie* showing of wrongful discharge "arises only when the plaintiff's case has been fully presented, and the question [on a motion for summary judgment] is whether the case can be dismissed for want of evidence. The issue presented by this case is whether there was a genuine dispute concerning a material fact. *See* Fed.R. Civ.P. 56(c)." *EEOC v. Brown & Root, Inc., supra,* 668 F.2d at 340. The court went on to suggest that as long as a minority employee is discharged under circumstances in which a non-minority employee would not

have been or in fact was not discharged, there exists a genuine issue of material fact as to the real reason behind the termination of the minority employee. In any situation in which a black employee is fired while a white employee is retained "under apparently similar circumstances," the fact of dissimilar punishment for similar conduct raises an inference of racial discrimination sufficient to preclude the grant of summary judgment in favor of the defendant employer. *See, Davin v. Delta Airlines, Inc.,* 678 F.2d 567, 570 (Fifth Circuit, Unit B, 1982);[3] *EEOC v. Brown & Root, Inc., supra,* 688 F.2d at 340; *Rohde v. K.O. Steel Casting, Inc.,* 649 F.2d 317, 322–3 (5th Cir.1981); *Green v. Armstrong Rubber Co., supra,* 612 F.2d at 968; *Turner v. Texas Instruments, Inc.,* 555 F.2d 1251, 1254–5 (5th Cir.1977).

In the instant case, it is undisputed that Morgan, a white employee, was not fired for fighting at the time that Evans, a black employee, was fired for fighting. The fact that Morgan was later discharged, for violation of a different Company rule, is insufficient to dispel an inference of discriminatory discharge, even though Morgan's violation of the Company rule regarding possession of firearms allegedly came to the Company's attention only as a result of Morgan's fight with Evans. Similarly, whether Evans struck Morgan in "self-defense" or rather initiated the fight for no apparent reason is a matter more properly resolved in the context of the Company's rebuttal to Evans' *prima facie* case than on this motion for summary judgment. Because genuine questions of fact exist as to the real reasons for Evans' discharge, summary judgment is not warranted. The defendant Company must be permitted to articulate any legitimate, nondiscriminatory reasons it may have for Evans' discharge, and Evans must then have the opportunity to demonstrate that the Company's prof-

---

**2.** Although *Brown & Root* is not technically binding upon this court, the Fifth Circuit in that case relied heavily upon those Fifth Circuit cases which are binding upon this court. *See,* footnote 1. In the absence of any recent contradictory statements by the new Eleventh Circuit as to the precise contours of a plaintiff's

*prima facie* showing in a "work rule" case, the general restatement of the four-part *Brown* test by the *Brown & Root* court appears to be completely applicable to the instant case.

**3.** *See,* footnote 1.

fered reasons are a pretext for discriminatory intent. There is substantial conflicting evidence on both of these points in the record available to this court, and these questions must be resolved at trial rather than on the instant motion. As the Fifth Circuit has noted, summary judgment is especially inappropriate in employment discrimination cases, which usually involve questions of motive and intent. *Bullard v. OMI Georgia, Inc.,* 640 F.2d 632, 634 (5th Cir.1981). Accordingly, the defendant's motion for summary judgment is DENIED.

So ORDERED this 25th day of February, 1983.