755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EZZAT H. SALEM, PLAINTIFF-APPELLANT,
v.
CITY OF PONTIAC SCHOOL DISTRICT, RICHARD HENDERSHOTT,
DOROTHY HEARD AND WILLIAM G. WRIGHT, DEFENDANTS-APPELLEES.
 NO. 81-1508
 United States Court of Appeals, Sixth Circuit.
 1/11/85
 
 BEFORE: KEITH and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant, Ezzat H. Salem, appeals from a pretrial ruling by the United States District Court for the Eastern District of Michigan that his allegations were insufficient to state a claim for racial discrimination under 42 U.S.C. Sec. 1981. Plaintiff simultaneously maintained actions pursuant to 42 U.S.C. Sec. 1983 and Title VII of the 1964 Civil Rights Act based upon the same facts and allegations asserted in support of his Section 1981 claim. The case proceeded as a jury trial with respect to the Section 1983 claim and a bench trial with respect to the Title VII claim. On July 17, 1980 the jury returned a unanimous verdict of no cause of action in favor of defendants on the Section 1983 claim. Judge Robert DeMascio took the Title VII claim under advisement and in a memorandum opinion concluded that the defendant school district and its supervisory personnel did not engage in discriminatory practices. On appeal, Salem only challenges the disposition of his Section 1981 claim. For the reasons stated below, we affirm.
 
 
 2
 Appellant's complaint essentially alleged that defendants had engaged in a course of conduct and harassment culminating in the refusal to promote him to the position of supervisor of special education and instead promoting a less qualified white female teacher. On May 4, 1979 appellant, with new counsel, filed an amended complaint in order to allege violations of 42 U.S.C. Sec. 1983, to add two individual defendants, and to include other factual allegations. On October 26, 1979, pursuant to an agreement of the parties, appellant filed a second amended complaint to add a third count alleging violations of 42 U.S.C. Sec. 1981. In this third count, plaintiff merely 'repeat[ed] and realleg[ed] the allegations of Count I and Count II.' Thereafter, Judge DeMascio examined the allegations set forth in Count III and concluded they were insufficient to state a claim for racial discrimination under 42 U.S.C. Sec. 1981.
 
 
 3
 Judge DeMascio based this conclusion on four grounds. First, the Section 1981 allegation was one based upon claims of national origin discrimination. Second, plaintiff was not visibly capable of being perceived as a member of the black race. Third, the complaint did not contain factual allegations of discrimination based on race. Fourth, the appellant's claim of national origin discrimination was not within the scope of Section 1981. On these grounds, Judge DeMascio granted summary judgment on appellee's motion to dismiss Salem's claim under Section 1981.
 
 
 4
 Section 1981 has its origin in Section 1 of the Civil Rights Act of 1866 which had as its primary purpose the eradication of the effects of slavery. Section 1981 naturally evolved into a statute to erase the effects of discrimination against black people. Accordingly, the Supreme Court has indicated that the protection provided by Section 1981 is racial in character. That is, the statute relates solely to discrimination based on race and color. See Johnson v. Railway Express Agency, 421 U.S. 454, 459-60 (1975) ('Sec. 1981 affords a federal remedy against discrimination in private employment on the basis of race.'); McDonald v. Sante Fe Transportation Company, 427 U.S. 273, 287 (1976) (holding that white persons may state a claim under Section 1981 and noting 'the racial character of the rights protected.'); Cf. Jones v. Alfred H. Mayer Company, 392 U.S. 409, 413 (1968) ('the statute in this case [Sec. 1982] deals only with racial discrimination and does not address itself to discrimination on the grounds of religion or national origin.') [the main difference between Sec. 1981 and Sec. 1982 is that Sec. 1982 contains a citizenship requirement].
 
 
 5
 The lower court determined the plaintiff is not a member of a racial group distinct from 'whites.' The necessary conclusion from this finding and from appellant's allegation that he is an '. . . oriental male of Egyptian origin,' (Jt. App. at 12) is that the stated claim is one of national origin discrimination. National origin discrimination is not with the scope of Section 1981. It should be noted that a number of courts have held that the scope of Section 1981 cannot be limited by any strict notion of race. Those courts have held that Section 1981 embraces allegations of discrimination based on national origin provided the plaintiff is a member of a group that is perceived to be distinguishable from 'white citizens.' See e.g., Manzanares v. Safeway Stores, Inc., 593 F.2d 968, 970-72 (10th Cir. 1979) (holding that a plaintiff who alleged discrimination on the basis on his Mexican-American descent had stated a valid claim under Section 1981). However, the requirement that plaintiffs belong to a group that is perceived to be distinguishable from 'white citizens' preserves the racial nature of the protections provided by Section 1981. Indeed, the burden is on the plaintiff to demonstrate that the alleged discrimination was based on race as opposed to national origin. Bullard v. OMI Georgia, Inc., 640 F.2d 632, 634 (5th Cir. 1981).
 
 
 6
 Finally, and most important, plaintiff's claims under Section 1981 were based upon the same facts and circumstances as the counts dealing with claims under Title VII and Section 1983. In stating the Section 1981 claim, the plaintiff merely repeats and realleges the allegations dealing with Title VII and Section 1983. Jt. App. at 19. Since all claims in the instant action are based on the same facts, a remand to the district court for reconsideration of the Section 1981 claim would be of very little use because the court would be limited to making findings of fact other than those established by the jury and Judge DeMascio regarding the Section 1983 and Title VII claims respectively. This would leave very few, if any, facts to be adduced on remand.
 
 
 7
 The standards to be applied in evaluating a claim of racial discrimination in employment are very similar under Title VII and Section 1981. Case law suggests that a finding of no discrimination under Title VII precludes such a finding under Section 1981. In Garcia v. Gloor, 618 F.2d 264 (5th Cir. 1980), cert. denied, 449 U.S. 1113 (1981), the district court had found no actionable discrimination under Title VII. After a detailed, analytical review of this decision, the Fifth Circuit agreed that there was no discrimination under Title VII. The court went on to find that the inadequate showing of discrimination under Title VII precluded the cause of action under Section 1981. Specifically the Fifth Circuit held:
 
 
 8
 Section 1981, which originated in the Civil Rights Act of 1866, assures 'all persons' the same rights 'enjoyed by white citizens' in making and enforcing contracts and in exercising other described rights. 'Section 1981 is a parallel remedy against discrimination which may derive its legal principles from Title VII.' Blum v. Gulf Oil Corp., 597 F.2d 936 (5th Cir. 1979). See also Johnson v. Alexander, 572 F.2d 1219 (8th Cir. 1978), cert. denied, 439 U.S. 986. The facts here that preclude relief under Title VII also preclude a Sec. 1981 claim.
 
 
 9
 Garcia v. Gloor, 618 F.2d 264, 271.
 
 
 10
 The trials with regard to the Section 1983 and Title VII claims gave Mr. Saleem an opportunity to establish his claim of racial discrimination. Appellant was given two chances to amend his complaint and was unable to allege facts that would state a cause of action under Section 1983 or support a successful claim under Title VII. Appellant has demonstrated no key facts or issues that have not been ruled on below and thus would not be precluded from reconsideration. Since most issues are precluded from reconsideration, remand to the district court would accomplish little, if anything.
 
 
 11
 Accordingly, the ruling of the Honorable Robert E. DeMascio of the United States District Court of the Eastern District of Michigan, is hereby affirmed.