**Marta E. DAVIS, Plaintiff,**

v.

**BOYLE–MIDWAY, INC., Defendant.**

**Civ. A. No. C85–2011A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 6, 1985.

S. Lawrence Polk, Meals & Parks, Atlanta, Ga., for plaintiff.

Donald G. Mayhall, Atlanta, Ga., for defendant.

### ORDER

MOYE, Chief Judge.

The above-styled employment discrimination action is before the Court on the defendant's motion to dismiss that portion of the plaintiff's complaint alleging a violation of 42 U.S.C.A. § 1981 (West 1981). The plaintiff alleges that the defendant discriminatorily discharged her because of her national origin as a person of Hispanic descent. Complaint, as amended, ¶¶ 2, 10 and 17. The defendant urges that an allegation of discrimination based solely on national origin does not suffice to state a claim under section 1981 upon which relief may be granted.

The statute provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

*Id.* The Supreme Court has expressly reserved ruling on whether a claim of national origin discrimination is cognizable under section 1981. *Delaware State College v. Ricks,* 449 U.S. 250, 256 n. 6, 101 S.Ct. 498, 503 n. 6, 66 L.Ed.2d 431 (1980). The Eleventh Circuit Court of Appeals has said the following in dictum:

The Supreme Court has stated in dicta that section 1981 relates primarily to racial claims, *see McDonald v. Sante Fe Trail Transport Co.,* 427 U.S. 273, 287, 96 S.Ct. 2574, 2582, 49 L.Ed.2d 493 . . . (1976); *Johnson v. Railway Express agency,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 . . . (1975), and this circuit has also stated that section 1981 does not encompass discrimination based solely on national origin, *Olivares v. Martin,* 555 F.2d 1192, 1196 (5th Cir.1977).

*Bullard v. OMI Georgia, Inc.,* 640 F.2d 632, 634 (5th Cir. Unit B 1981). While this dictum clearly expresses the direction of thought in this circuit, the holding to which it adverts and which would so neatly resolve the issue in question is nowhere to be found within the *Olivares* opinion. *Oli-*

*vares* does stand for a related proposition, to wit, that section 1981 requires a showing of discriminatory animus based on race. 555 F.2d at 1196. *Accord Irby v. Sullivan,* 737 F.2d 1418, 1430 n. 22 (5th Cir.1984). That the legislative history supports this reading of the statute is apparent from the following discussion:

> Section 1981 is the codification of part of Section 1 of the Civil Rights Act of 1866. Passed in the wake of the thirteenth amendment, the act sought to eradicate both private discrimination, *Jones v. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 ... (1968), and public discrimination in the form of the recently enacted Black Codes—'laws which had saddled Negroes with "onerous disabilities and burdens, and curtailed their rights ... to such an extent that their freedom was of little value...."' *Id.* at 426, 88 S.Ct. at 2196 ... *quoting Slaughterhouse Cases,* 83 U.S. (16 Wall.) 36, 70 ... (1875). With these concerns in mind, Congress focused on 'the limited problem of racial discrimination against blacks rather than the broader concepts of "equal protection" for all groups developed under the Fourteenth Amendment.' Note, *Section 1981 and Private Groups,* 84 Yale L.J. 1441, 1445 n. 19 (1975).

*Keating v. Carey,* 706 F.2d 377, 384 (2d Cir.1983).

Those courts interpreting section 1981 expansively have generally found a section 1981 claim involving national origin judicially cognizable on the basis that the discrimination was racial in character. *E.g., Manzanares v. Safeway Stores, Inc.,* 593 F.2d 968, 971 (10th Cir.1979); *Carrillo v. Illinois Bell Telephone Co.,* 538 F.Supp. 793, 796 (N.D.Ill.1982). "Thus, while discrimination purely on the basis of national origin does not create a cause of action under section 1981, this court has held that a complaint by Mexican-Americans alleging racial and ethnic discrimination 'clearly states a cause of action' under the statute." *Bullard,* 640 F.2d at 634 (quoting *Alvarado v. El Paso Independent School District,* 445 F.2d 1011 (5th Cir.1971)). Courts

taking this approach unavoidably resolve the question on a case-by-case basis.

> Those persons with Spanish surnames come from a wide spectrum of racial and ethnic backgrounds; their ancestors include Old-World Spaniards, New-World Indians, blacks, and mestizos of mixed ancestry. Indisputably, there are individual Hispanics who consider themselves as nonwhite, are frequently identified by others as nonwhite, and suffer discrimination not only on the basis of their Spanish surname but because of their 'race,' which is perceived as nonwhite. Nevertheless, both practically and logically, it would be a mistake to conclude from this that all Hispanics, as a group, are subject to racial discrimination.

*Carrillo,* 538 F.Supp. at 796. This seems the most useful approach and is, fortunately, not required in the case at bar. The plaintiff's claim is not one in which the allegations of racial and national origin discrimination are intertwined. It is rather a straightforward national origin claim which is based, presumably, on distinctions relating to cultural and linguistic factors as well as to country of ancestry. This is not a mingled claim such as in *Manzares* or *Gonzalez v. Stanford Applied Engineering,* in which the plaintiff alleged prejudice toward "those of Mexican descent having a skin color not characteristically caucasian." 597 F.2d 1298, 1300 (9th Cir.1979). Because the plaintiff does not plead the "special facts that equate the evil of racial discrimination as understood by the drafters of section 1981 to the alleged national-origin animus experienced by persons of ... [Hispanic] descent," his section 1981 claim must be dismissed. *Anooya v. Hilton Hotels Corp.,* 733 F.2d 48, 50 n. 5 (7th Cir.1984). The defendant's motion is GRANTED.