823 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIE BLAKE, Plaintiff-Appellant, Cross-Appellee,
v.
CONSOLIDATED FREIGHTWAYS, Defendant-Appellee, Cross-Appellant.
 Nos. 86-1308, 86-1350
 United States Court of Appeals, Sixth Circuit.
 July 16, 1987.
 
 Before MERRITT, MARTIN and WELLFORD, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiff Willie Blake appeals the District Court's adverse grant of summary judgment on his claim of race discrimination under the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws Ann. Sec. 37.2101. Mr. Blake contends that unresolved issues of material fact preclude summary judgment in this case. Blake also argues that the District Court abused its discretion by denying his motion for additional discovery under Rule 56(f) of the Federal Rules of Civil Procedure. For the reasons stated below, we now affirm.
 
 
 2
 At the time of his discharge, the plaintiff, a black male, had been employed by the defendant for over 10 years. His latest position with the Company was that of a truck driver responsible for local deliveries within the Detroit area. Plaintiff's work record with the defendant was exemplary.
 
 
 3
 Plaintiff was discharged by Consolidated because of an incident between him and consolidated's Terminal Manager, Mr. Charles Diskin. Mr. Diskin is a long-time employee of Consolidated, and had been Terminal Manager for two years at the time of the incident. On the day in question, Mr. Diskin was filling in as dispatcher due to the absence of the regular dispatcher, Mr. Mike Sullivan.
 
 
 4
 At approximately 11:30 A.M. on July 15, 1983, Mr. Blake called the Consolidated terminal to get instructions as to his next task. Mr. Diskin directed him to make a pick-up at a local business and to call back when finished. After receiving these instructions, Mr. Blake discovered that the door on his truck was damaged and would not close. Instead of proceeding to the pick-up, Mr. Blake took his truck for repair. After fixing the door himself, plaintiff took a brief lunch break. As a result of these delays, Mr. Blake did not arrive at the pick-up site until 1:50 P.M.
 
 
 5
 Meanwhile, Diskin was growing impatient with the plaintiff's tardiness and left instructions for Mr. Blake to call when he arrived at the pick-up. When plaintiff did so, an argument ensued about the reasons for the delay. Although there is some controversy on this issue, it appears that Diskin terminated the plaintiff for 'theft of time' during this telephone conversation.
 
 
 6
 Following this conversation, plaintiff drove immediately to the Consolidated terminal and confronted Mr. Diskin. An altercation ensued, the exact nature of which is uncertain (although it is generally described as a 'shoving match'). Plaintiff contends that he acted in self-defense when Diskin threatened to attack him with a telephone. Mr. Diskin claims that plaintiff attacked him without provocation. What is certain is that Mr. Diskin received a cut on his arm that required fifteen stitches. Mr. Blake was indicted for assault as a result of the altercation, but was ultimately acquitted.
 
 
 7
 At oral argument, plaintiff's counsel stipulated that the disparate treatment claim was predicated solely on the discharge for assaulting Diskin and not the earlier 'telephone discharge' for theft of time. This is a substantial concession, since our review is now limited to the treatment received by Mr. Blake in comparison with others who have assaulted their supervisors. Upon a review of the record, we find that the District Court properly entered summary judgment on the race discrimination claim because the plaintiff failed to make the minimal prima facie showing that others received lesser discipline for the same offense.
 
 
 8
 Although discovery continued in this matter for almost a year, plaintiff's counsel did not produce any admissible objective evidence to show that white employees who engaged in similar misconduct were not discharged. Instead, plaintiff's counsel argued that the fact that Diskin was not discharged for involvement in the same altercation constitutes unassailable proof of disparate treatment. Counsel contends that factual disputes regarding who was the aggressor in the altercation must be resolved before summary judgment is granted.
 
 
 9
 This somewhat novel argument on disparate treatment is unconvincing for two reasons. First, Mr. Diskin is a supervisor and Mr. Blake a lower-eschelon employee. Plaintiff has not suggested that Consolidated's policies regarding on-the-job conduct are the same for employees and supervisors. See, e.g., Evans v. Interstate Brands Corp., 557 F. Supp. 562 (N.D. Ga. 1983), aff'd mem. 746 F.2d 813 (11th Cir. 1984). Such proof is necessary to show that Mr. Blake and Mr. Diskin were similarly situated, yet dissimilarly treated. See Michigan Civil Rights Comm'n v. Chrysler Corp., 80 Mich. App. 368, 263 N.W.2d 376 (1977).
 
 
 10
 Furthermore, whatever the difference in status between the combatants, it is clear that Mr. Blake caused a substantial cut on Mr. Diskin's arm. In a hearing before the Michigan Employment Security Commission, Mr. Blake admitted that he had a screwdriver in his hand during the altercation. Causing a substantial injury to a supervisor is qualitatively different than being involved in a 'showing match,' which was certainly the extent of Mr. Diskin's involvement. Thus, while neither party's conduct may have been exemplary, Mr. Blake's misconduct was more serious than that of Mr. Diskin.
 
 
 11
 In light of counsel's failure to produce evidence on the alleged disparate treatment, the obvious differences between Mr. Diskin and the plaintiff negate the claimed basis for a prima facie case. Since he did not make even the slight showing required at this first stage of the burden-shifting process, Mr. Blake's complaint was subject to summary judgment. Accordingly, the District Court did not err when it dismissed the Elliott-Larsen Act claims for want of a prima facie case.
 
 
 12
 With regard to the District Court's denial of plaintiff's motion under Rule 56(f) to allow additional time for discovery, such decisions are reviewed for abuse of discretion. See Glen Eden Hospital v. Blue Cross/Blue Shield of Michigan, 740 F.2d 423 (6th Cir. 1984); York v. Tennessee Crushed Stone Assn., 684 F.2d 360 (6th Cir. 1982). Rule 56(f) is designed to protect diligent parties from dismissal before they have a fair opportunity for discovery. See Wright, Miller & Kane, 10A Federal Practice and Procedure Sec. 2741, at 541 (1983).
 
 
 13
 In this case, discovery was open for several months. Counsel has not shown that anything interfered with his ability to engage in discovery. Under these circumstances, any deficiency in discovery was due to a lack of diligence by counsel. The District Court therefore properly exercised its discretion in overruling the Rule 56(f) motion. See York, 684 F.2d at 363.
 
 
 14
 Accordingly, the judgment of the District Court is AFFIRMED. Regular costs are assessed against the appellant. No double costs or attorney's fees are awarded.