United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 11, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-21031
Summary Calendar

LEE CHURCH,

Plaintiff-Appellant,

versus

KARE DISTRIBUTION, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
4:05-CV-2800

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lee Church filed suit against Kare Distribution, Inc. ("Kare") for race and national origin

discrimination pursuant to the Texas Commission on Human Rights Act. Kare removed the case to

the Southern District of Texas, Houston Division. Kare then filed a motion to dismiss, under Federal

Rule of Civil Procedure 12(b)(6), for failure to state a claim. On October 20, 2005, the district court

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

granted Kare's motion to dismiss and entered final judgment. The issue on appeal is whether the district court erred in granting Kare's motion to dismiss for failure to state a claim. We affirm the district court's judgment.

Factual Background

From June 23, 2004, to November 3, 2004, Kare employed Church as a sales representative. Church, a Caucasian male, worked with a group of ten sales representatives, including eight Hispanics and one African-American. Church, another representative, and the sales managers, spoke no Spanish. In August 2004, Kare executives instructed the sales manager to hire only bilingual, English-Spanish speaking sales representative. Kare also advertised job openings in the Houston Chronicle for English-Spanish speaking sales representative. During the same period, Kare assigned Church, another representative, and the sales manager to attend company-sponsored Spanish language classes.

On November 3, 2004, Kare terminated Church under the direction of Kare's corporate office. Based on these facts, Church filed suit against Kare. His complaint stated claims of national origin and race discrimination and intentional infliction of emotional distress. Church asserts that both claims of discrimination resulted from his inability to speak Spanish.

Standard of Review

The court reviews de novo a Rule 12(b)(6) order of dismissal. *Scanlin v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). A court dismisses a complaint when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff must assert more than general legal conclusions to avoid dismissal. *Jefferson v. Lead Industries Assoc., Inc.*, 106 F.3d 1245, 1250 (5th

2

Cir. 1997). "The complaint must contain either direct allegations on every material point necessary to sustain a recovery.... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The court may consider the pleadings on file and matters of public record. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). Where a complaint asserts merely conclusory allegations, these conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Discussion

In this case, Church failed to state a claim for either race or national origin discrimination. Section 21.051 of the Texas Labor Code states in pertinent part that:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

The statute does not protect against an employer's preference to only retain employees with bilingual language skills. But Church's primary complaint against his former employer, and the predominate theme in this appeal, regard Kare's decision to replace non-Spanish speaking employees with bilingual English-Spanish speaking sales representative.

In reviewing claims under section 21.051, the court may consider Title VII provisions and cases interpreting the federal statute. *City of Austin v. Gifford*, 824 S.W.2d 735, 739

3

(Tex.App.-Austin 1992, no writ). In *Garcia v. Gloor*, the court examined a company policy that limited its employees to speaking English on the work site. 618 F.2d at 266. The Fifth Circuit held that "[n]either the statute [Title VII] nor common understanding equates national origin with the language that one chooses to speak. Language may be used as a covert basis for national origin discrimination, but the English-only rule was not applied to Garcia [the plaintiff] by Gloor either to this end or with this result." *Id.* at 268. This court further warned that "national origin must not be confused with ethnic or sociocultural traits or an unrelated status, such as citizenship or alienage, or poverty, or with activities not connected with national origin, such as labor agitation." *Id.* at 269.

Similar to Gloor, Kare sought to employ bilingual sales representatives based on a business need -- the company's customer base was composed of mostly Spanish-speaking households. *Id.* at 267 (noting that the employer offered valid business reasons to justify the English-only rule); *see also Vasquez v. McAllen Bag & Supply Co.*, 660 F.2d 686, 688 (5th Cir. 1981) (same). In this case, Church fails to offer any evidence that Kare implemented its bilingual language requirement as a pretext for unlawful discrimination. To the contrary, Kare provided company sponsored Spanish courses. And under the new policy, everyone, no matter what their race, ethnicity, or national origin, needed to know Spanish to fulfill the job requirements; and native Spanish speakers needed to know English to fulfill the job requirements.

Conclusion

For the above stated reason, we affirm the district court's judgment to dismiss Church's allegations of race and national origin discrimination for failure to state a claim.