**Susan A. ALIZADEH, and Her Husband, Hassan H. Alizadeh, Plaintiffs-Appellants,**

v.

**SAFEWAY STORES, INC., and Local 455, United Food & Commercial Workers, AFL–CIO, Defendants-Appellees.**

No. 85–2816.

United States Court of Appeals, Fifth Circuit.

Sept. 26, 1986.

David T. Lopez, Houston, Tex., for plaintiffs-appellants.

Charles E. Fitch, Houston, Tex., for Safeway.

Rick Bensik, Houston, Tex., for Local 455.

Before RUBIN, RANDALL, and JOLLY, Circuit Judges.

## OPINION

ALVIN B. RUBIN, Circuit Judge:

The principal issue presented is whether 42 U.S.C. § 1981 protects an Iranian national from discrimination by those who believe him to be of a race other than white. A woman and her husband, a native and citizen of Iran, sued her former employer and the union that was her collective bargaining agent on the grounds that (1) her discharge resulted from her employer's prejudice against her husband because of his race and national origin, conduct proscribed by the Civil Rights Act of 1866, 42 U.S.C. § 1981, and (2) the union, in presenting her grievance, failed to perform its duty of fair representation in violation of § 301 of the Labor Management Relations Act of 1947. The district court rendered summary judgments dismissing the claims. Because the plaintiffs have failed to show a basis for the husband's claims, or for the wife's claims against the union, and because the defendants have shown a factual basis for rejecting these claims, we affirm their dismissal. However, because the defendants have not shown any factual basis to warrant dismissing the wife's § 1981 claim against the employer, we reverse the summary judgment in favor of the employer and remand for further proceedings as to the wife's claim against it.

Susan Alizadeh was employed by Safeway Stores, Inc. as a grocery cashier.

Safeway fired her following allegations by her store manager that she had stolen money from a cash register. Mrs. Alizadeh asserts that the charge is untrue, and contends that the real reason for her dismissal was the store manager's "racial prejudice" against her husband because he is considered by the defendants "as a member of a race other than White." She also alleges in her complaint that two weeks prior to her discharge, Safeway's manager approached her husband "in an open display of racial hatred."

After her discharge, Mrs. Alizadeh complained of discrimination to her union. The union filed a grievance and made an investigation. During its investigation, the union was shown a video film taken by Safeway that showed an employee, allegedly Mrs. Alizadeh, taking money from a cash register and putting it in her pocket. The union then withdrew the grievance and did not seek arbitration.

Mrs. Alizadeh and her husband brought this action against Safeway and the union, Local 455, United Food and Commercial Workers, AFL–CIO, asserting claims against both under § 301 of the Labor Management Relations Act of 1947[1] and the Civil Rights Act of 1866.[2] Mrs. Alizadeh contends that the district court erred in granting summary judgment on the racial discrimination claim against her employer. She further argues that this error prevented the court from adequately considering her claim that the union had breached its duty of fair representation discriminatorily in processing her grievance.

■ The brief, filed only in Mrs. Alizadeh's name, does not raise any issues to indicate that the summary judgment against her husband was erroneous. He was not an employee of Safeway and shows no basis for a claim against it. Nor was he a union member. His complaint was properly dismissed.

■ Likewise, the district court properly dismissed Mrs. Alizadeh's § 301 claims. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3] The union supported its motion with affidavits and depositions that revealed that its decision not to seek arbitration was based on the video film. Mrs. Alizadeh has failed to provide a scrap of evidentiary material to support her argument to the contrary. The bare-bone allegations in her brief and pleadings are insufficient to withstand summary judgment. A party opposing a motion for summary judgment must counter a properly supported motion with specific, factual disputes: Mere general allegations are not sufficient.[4] A close look at Mrs. Alizadeh's pleadings reveals that her real contention is that she is entitled to have the union demand arbitration of her grievance regardless of its merit. We have held, however, that a union has no such duty. It is required only to represent members of the collective bargaining unit fairly and in good faith.[5] The union has shown that it made such an effort. The district court, therefore, properly dismissed the § 301 claim against the union. And absent a finding that the union breached its duty of fair representation, Mrs. Alizadeh's § 301 claim against Safeway was likewise properly dismissed.

The district court did not give any reason for dismissing Mrs. Alizadeh's § 1981 claim. However, because Safeway's motion for summary judgment was unsupported by either affidavits or depositions and because the facts are disputed, particu-

---

1. 29 U.S.C. § 185 (1982).

2. 42 U.S.C. § 1981 (1982).

3. Fed.R.Civ.P. 56(c); *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986).

4. Fed.R.Civ.P. 56(e); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *Gal-*

*indo v. Precision Am. Corp.,* 754 F.2d 1212, 1216 (5th Cir.1985).

5. *See Vaca v. Sipes,* 386 U.S. 171, 193–94, 87 S.Ct. 903, 918–19, 17 L.Ed.2d 842 (1967); *Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138, 144–45 (5th Cir.1979).

larly Safeway's motivation in firing Mrs. Alizadeh, the district court must have granted summary judgment on the ground that she failed to state a claim for which relief might be granted. In so holding, the court must have reached one of two possible conclusions: either (1) that Mrs. Alizadeh could not state a claim under § 1981 for discrimination directed toward her husband, or (2) that Mrs. Alizadeh could not state a claim under § 1981 because women who are married to Iranians are not protected by that statute. We find neither rationale sufficient.

■ Mrs. Alizadeh alleges that she is a white female and that her husband, who is of Iranian national origin, is "considered by Defendants ... as [a] member of a race other than White." Safeway characterizes her claim as one premised not on racial but on national-origin discrimination and correctly contends that § 1981 proscribes only racial discrimination.[6] However, Mrs. Alizadeh's § 1981 claim on its face is not based on national origin alone. She invokes the literal language of § 1981, alleging that she was discriminated against because Safeway's manager considered her husband to be of "a race other than White." If Safeway did indeed discriminate against her because of her marriage to someone considered to be a nonwhite, it violated § 1981, for in *Faraca v. Clements*[7] we implicitly held that § 1981 provides a cause of action to a white spouse who alleges that he was discriminated against in employment because of his marriage to a nonwhite. Safeway submitted no evidentiary material, and therefore

there is nothing to warrant the conclusion that it did not discriminate against Mrs. Alizadeh because of her marital relationship and its manager's alleged prejudice against nonwhites.

■ The second possible ground for the district court's holding presents a question we have never decided: whether a woman who is married to an Iranian and who has been discriminated against because her husband is considered by a prejudiced person to be nonwhite is entitled to the protection of § 1981. That section, the text of which is set forth in full in the footnote,[8] entitles "all persons" to the same right "to make and enforce contracts" and "to the full and equal benefit of all laws ... as is enjoyed by white citizens." Enacted as part of the Civil Rights Act of 1866, § 1981 was doubtless adopted originally as a means of protecting the civil rights of the former black slaves. But its language is not so confined, and in *McDonald v. Santa Fe Trail Transportation Co.*[9] the Supreme Court rejected the argument that the statute protects only blacks, holding that white plaintiffs alleging reverse discrimination could maintain a claim under the statute.

The mutability and indefiniteness of racial classifications make it difficult to distinguish between those racial groups the statute protects and those "white citizens" with whom they are entitled to equality. We have recognized the difficulty of differentiating between racial discrimination and discrimination based on national origin in refusing to decide whether Mexican-Americans are protected by § 1981.[10] Anthropol-

---

6. *See Olivares v. Martin,* 555 F.2d 1192, 1196 (5th Cir.1977).

7. 506 F.2d 956 (5th Cir.), *cert. denied,* 422 U.S. 1006, 95 S.Ct. 2627, 45 L.Ed.2d 669 (1975).

8. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981 (1982).

9. 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976).

10. *See Vasquez v. McAllen Bag & Supply Co.,* 660 F.2d 686, 687 (5th Cir.1981), *cert. denied,* 458 U.S. 1122, 102 S.Ct. 3509, 73 S.Ct. 1384 (1982) (citing *Bullard v. Omi Georgia, Inc.,* 640 F.2d 632, 634 (5th Cir.1981)); *cf. Gonzalez v. Stanford Applied Eng'g,* 597 F.2d 1298, 1299–1300 (9th Cir.1979); *Manzanares v. Safeway Stores, Inc.,* 593 F.2d 968, 970–71 (10th Cir.1979). *See generally* 2 J. Cook & J. Sobieski, Jr., Civil Rights Actions ¶¶ 5.08, 5.09 (1985).

ogists classify Iranians as Caucasians. However, we do not think that a taxonomical definition of race is in keeping with the rationale of *McDonald.*

In a full discussion, to which we could add little, the Third Circuit has held in *Al-Khazraji v. Saint Francis College*[11] that ethnic Arabs are a protected minority entitled to invoke § 1981 against discrimination. That opinion and the concurrence of Judge Arlin Adams discuss the issue fully. Judge Adams doubted that the statute should be so construed, but considered himself bound by *McDonald.* After reviewing both the history of the Act and current interpretations, the majority held that "Congress's purpose was to ensure that all persons be treated equally, without regard to color or race, which we understand to embrace, at the least, membership in a group that is ethnically and physiognomically distinctive."[12] Mrs. Alizadeh's husband was allegedly considered by the defendant to be of a "race other than white," and we cannot say that he is any less ethnically and physiognomically distinctive, as compared to a "white," than was the Iraqi in *Al-Khazraji.*

Mrs. Alizadeh charges that in addition the defendants considered her husband nonwhite and discriminated against her because of her marriage to such a person. Because neither party has filed any affidavits or depositions addressed to this issue, we must assume that Mrs. Alizadeh can prove her allegations.

We, therefore, VACATE the summary judgment insofar as it dismissed Mrs. Alizadeh's § 1981 claim against Safeway and REMAND the case to the district court for further proceedings. Because she has alleged no facts that, if proven, would support a § 301 claim against the union, we AFFIRM the district court's grant of summary judgment in favor of the union. Our action does not preclude the rendition of summary judgment if appropriate eviden-

tiary materials are filed showing that there is no genuine dispute on any material fact as required by Fed.R.Civ.P. 56.

---

**11.** 784 F.2d 505, 514–18 (3d Cir.1986).

**12.** *Id.* at 517. *See also Tayyari v. New Mexico State Univ.,* 495 F.Supp. 1365 (D.N.M.1980);

*Khawaja v. Wyatt,* 494 F.Supp. 302 (W.D.N.Y. 1980). *But see Ibrahim v. New York State Dep't of Health,* 581 F.Supp. 228 (E.D.N.Y.1984).