Arthur **HOLDEMAN**, Plaintiff,

v.

**MASTERS, MATES AND PILOTS PENSION PLAN; John F. Sokolowski, Administrator; Board of Trustees of Masters, Mates and Pilots Pension Plan, Defendants.**

Civ. A. No. H–87–2413.

United States District Court,
S.D. Texas,
Houston Division.

Sept. 25, 1990.

Gordon R. Cooper, II, of Cooper & Cooper, Houston, Tex., for plaintiff.

Sidney Raukind of Mandell & Wright, Houston, Tex., for defendants.

## MEMORANDUM and ORDER

FRANCES H. STACY, United States Magistrate.

On May 23, 1989, the parties in this case consented to disposition of this case before a United States Magistrate, in accordance with 28 U.S.C. § 636(c)(1). Before the Court is the Motion for Summary Judgment of Defendants Masters, Mates and Pilots Pension Plan, its Board of Directors, and John F. Sokolowski, pursuant to Rule 56 of the Federal Rules of Civil Procedure. After considering the pleadings on file and relevant law, the Court ORDERS that Defendant's motion be GRANTED.

### I. Statement of Facts and Procedural History

Arthur Holdeman, a sea captain with a career spanning more than 40 years to his credit, retired on December 1, 1987 when he was 69 years old. At that time the Masters, Mates and Pilots employment pension plan (MM & P) in which he participated contained a clause specifically disallowing the accrual of retirement benefits after the normal retirement age of 65:

> ... on and after January 1, 1964, a Participant will not receive Pension Credit for employment after he reaches the age of 65....

Holdeman accordingly did not receive pension credit for the four years of employment between his 65th birthday and his 1987 retirement. Because he was not allowed the same pension accruals after the age of 65 that all others below 65 received, Mr. Holdeman brought this suit against MM & P and its administrators on July 29, 1987 claiming discrimination on the basis of age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. (1986), deprivation of property rights under the Employment Retirement Income Act (ERISA), 29 U.S.C. §§ 1052, 1053 (1986), and conspiracy on the part of MM & P, et al. in regard to these rights, in violation of 42 U.S.C. §§ 1985 and 1986.

On November 11, 1989, Masters, Mates and Pilots, et al., filed a Motion for Summary Judgment in regard to Holdeman's ADEA claim. This was granted by Magistrate Karen Brown on February 1, 1990, leaving just the section 202(a)(2) ERISA claim which is now before this Court.

### A. *The Development of ERISA Law*

At the time that Holdeman retired, ERISA section 202(a)(2), which defined minimum participation standards, provided that

> No pension plan may exclude from participation (on the basis of age) employees who have attained a specified age, unless the plan is a defined benefit plan ... and such employees begin employment with the employer after they have attained a specified age which is not more than 5 years before the normal retirement age under the plan. 29 U.S.C. § 1052(a)(2) (1982), *amended by* 29 U.S.C. § 1052(a)(2) (1988).

In 1986, to become effective in 1988, this same section of ERISA was amended to read simply

> No pension plan may exclude from participation (on the basis of age) employees who have attained a specified age. 29 U.S.C. § 1052(b)(1) (1988) (amending 29 U.S.C. § 1052 (1982)).

Section 3 of ERISA, 29 U.S.C. § 1002(7) defines "participant" as any employee who is or may become eligible to receive a benefit of any type from an employee benefit

plan. As the Court stated in its Order for Summary Judgment on the ADEA issue, "[a]t all times material to this case, plaintiff participated in the defendant pension plan." There is no genuine dispute of material fact that Holdeman was a participant in the pension plan.

Internal Revenue Service regulations in effect at the time of Holdeman's retirement explicitly allowed defined benefit plans to refuse to provide pension credit for services performed after normal retirement age.

(E) *Postponed retirement.* A plan shall not be treated as failing to satisfy the requirements of this subparagraph for a plan year merely because no benefits under the plan accrue to a participant who continues service with the employer after such participant has attained normal retirement age. 26 C.F.R. § 1.411(b)–1(b)(2)(ii)(E) (1987).

After Holdeman retired, ERISA was again amended, effectively changing the law:

... a defined benefit plan shall be treated as not satisfying the requirements of (minimum standards for benefit accrual plans) ... if, under the plan, an employee's benefit accrual is ceased, or the rate of an employee's benefit accrual is reduced, because of the attainment of any age. 29 U.S.C. § 1054(b)(1)(H)(i) (1988) (added at 29 U.S.C. § 1054(b)(1) (1982)).

This, however, did not become effective as to the MM & P pension plan until January 1, 1990, or two years after Mr. Holdeman retired. *See* Omnibus Budget Reconciliation Act of 1986 § 9204(a)(2), 100 STAT. 1979–80 (1986).

Prior to this amendment, Congress had noted that

[under the present law a] defined benefit pension plan is not required, under ERISA or the Code, to provide for benefit accruals for individuals who continue to work after the normal retirement age under the plan. Conference Report to Accompany H.R. 5300, H.R.Rep. No. 1012, 99th Cong., 2d Sess., at 375 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin.News 3868, 4020.

Thus, at the time that Mr. Holdeman retired, the provision of the MM & P plan which disallowed benefit accruals after the age of 65 was in compliance with the law as it then existed.

## II. Summary Judgment

█ FRCP Rule 56(c) provides that summary judgment is proper

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1199 (5th Cir.1986).

The burden of proof is on the moving party to show an absence of evidence to support the non-moving party's case. This burden may be discharged by simply pointing out that there is an absence of evidence to support the non-movant's case. It is not required that the movant negate his opponent's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–27, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986).

█ The non-moving party, in order to resist a motion for summary judgment, must make a positive showing that a genuine dispute of material fact does indeed exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). An issue is not "genuine" unless the "record taken as a whole ... could lead a trier of fact to find for the non-moving party." *Randolph v. Laeisz*, 896 F.2d 964, 969 (5th Cir.1990), *citing Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L.Ed.2d 538 (1986). The record before the Court must be considered in the light most favorable to the opposing party. *Harrison v. Byrd*, 765 F.2d 501 (5th Cir.1985). However, bare allegations in briefs and pleadings are insufficient to withstand summary judgment. *Alizadeh v. Safety Stores, Inc.*, 802 F.2d 111, 113 (5th Cir.1986); *see also, First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

### A. *Movant Has Shown Absence of Dispute of Material Fact*

■ To prevail on its motion for summary judgment, MM & P, et al. need point out only that the evidence on one element necessary to establish his opponent's case is insufficient. *See Celotex*, 477 U.S. at 323–34, 106 S.Ct. at 2552. This they have done. Defendants point out in their Motion for Summary Judgment that Holdeman has produced no evidence to show either that the MM & P plan violated ERISA law as it stood at the time that Mr. Holdeman retired, or that a legal MM & P retirement plan was improperly administered as to him.

Defendants point out that there are no disputes as to material fact left in this case. Holdeman, according to the ERISA definition of "participant," and according to the previous finding of this Court, participated at all times in the MM & P plan. According to a reading of both the MM & P plan in place up to the time that Holdeman retired and the ERISA law as it existed at the time that he retired, Holdeman has no claim, as of his 1987 retirement, to accrual benefits after the age of 65 as a matter of law.

### B. *Plaintiff Has Failed to Counter with Evidence*

Holdeman does not dispute Defendants' summary of the development of the pertinent ERISA law. In fact, he agrees in his Response to Defendants' Motion for Summary Judgment that the regulations in effect at the time of Plaintiff's retirement in 1987 authorize defined benefit plans to refuse to provide pension credit for services performed after normal retirement age. He offers two other theories, however.

First, Holdeman wishes to define "participate" as he finds it in Black's Law Dictionary: to receive or have a part or share of; to partake of; experience in common with others; to take equal shares and proportions. He then uses this definition to argue that he was not allowed to "participate" in the MM & P plan to the equal extent that those under 65 did, and that the plan was therefore illegal under ERISA § 202(a)(2). This he cannot do. The definition of "participate" as set out in the statute must control the meaning of the word as it is used in the statute.

Secondly, Holdeman responds that the OBRA amendments, 29 U.S.C. § 1054(b)(1)(H)(i) (1988), effective January 1, 1990, should be given retroactive effect and allow him pension accruals for his years of service after the age of 65. In support of this argument he cites the proposed Treasury Regulation of April 11, 1988 which would provide that the OBRA amendments be applied to any year of service completed by the participant after attaining the age of 65, including years of service completed and compensation earned before the first plan year beginning on or after January 1, 1988, provided that the employee is an active participant in the plan as of the effective date of the amendment, January 1, 1990. Income Taxes; Continued Accruals Beyond Normal Retirement Age, 53 Fed.Reg. 11876, 11877 (April 11, 1988) (proposed Treasury Regulation section 1.411(b)–2(f)(1)(ii)). *See* Plaintiff's exhibit "H" attached to his Response to Defendants' Motion for Summary Judgment and Memorandum in Support Thereof. The Court notes that this is a proposed regulation rather than a final one and does not resolve this case.

Holdeman has not produced evidence even when considered in the light most favorable to him, which would establish that a genuine issue of fact does indeed exist which could defeat Defendants' Motion. Summary Judgment is appropriate on the ERISA claim which remains in this lawsuit because the defined benefit retirement plan in which Holdeman participated was not required by ERISA law in existence at the time he retired to grant pension credits for service performed after the age of 65.

### III. Other Developments

In January, 1989, Mr. Holdeman assumed an elected position with his union and is once again a participant in the MM & P retirement plan. As a result of this

employment, Mr. Holdeman now falls within the confines of the OBRA amendment, effective January 1, 1990, which may well give him the rights he asserts in this lawsuit. Claims which he may have when he retires from his current position are not ripe for judicial resolution at this time. It is reasonable to expect that final Treasury regulations determinative of the retroactivity issue which Mr. Holdeman now prematurely raises will by then have issued.

## IV. CONCLUSION

Accordingly, because there is no genuine issue of material fact remaining in this case, Defendants are entitled to summary judgment as a matter of law, and Defendants' Motion for Summary Judgment is GRANTED.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

## FINAL JUDGMENT

On September 24, 1990, came on for hearing Defendant's Motion for Summary Judgment in the only remaining issue in the above-captioned case. Since this motion was granted, disposing of all remaining issues in this case, it is hereby

ORDERED that Mr. Arthur Holdeman take nothing. All relief not specifically granted is hereby DENIED.