# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-10398
Summary Calendar

PATRICK NELSON BARNES

Plaintiff-Appellant

v.

YUSELF L MCCREE, Lieutenant; GARY EDWARDS, Correctional Officer;
CHERYL GALLE, LVN; DEBORA CALDWELL, Nurse Practitioner

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:05-CV-220

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Patrick Nelson Barnes, federal prisoner # 777299, appeals the dismissal of his 42 U.S.C. § 1983 action in which he alleged that the defendants used excessive force against him and displayed deliberate indifference to his serious medical needs. The district court granted the defendants' motions for summary judgment on grounds that Barnes offered only unsupported conclusions without

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presenting or adverting to any evidence that would have raised a genuine issue as to a material fact. See FED. R. CIV. P. 56.

In opposition to the defendants' motions, which were supported by competent summary judgment evidence including affidavits, medical records, and a videotape of the use of limited force, Barnes offered only a "mere scintilla" of competent evidence and general conclusions, allegations, and speculation, which are insufficient to defeat summary judgment. See Michaels v. Avitech, Inc., 202 F.3d 746, 754-55 (5th Cir. 2000); Alizadeh v. Safeway Stores, Inc., 802 F.2d 111, 113 (5th Cir. 1986). In this court, Barnes repeats the allegations of his complaint with some embellishment but without pointing to any evidence in the record to support his specific claims of force or injury. Moreover, the videotape evidence demonstrates that Barnes's claims have no basis in fact or law and are therefore frivolous. See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

Barnes's appeal is dismissed as frivolous. 5TH CIR. RULE 42.2. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). We warn Barnes that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal unless he "is under imminent danger of serious physical injury. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.