IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-10651
Summary Calendar

ROBERT EARL BAILEY

Plaintiff-Appellant

v.

MIKE CANTRELL, Dallas County Commissioner; KENNETH MAYFIELD, Dallas County Commissioner; MAURINE DICKEY, Dallas County Commissioner; DR PAUL MILLS; SHERIFF LUPE VALDEZ; DALLAS COUNTY TEXAS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-637

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Bailey ("Bailey") appeals the district court's grant of summary judgment to the defendants and dismissal of his § 1983 civil rights action in which he alleged that he was provided inadequate medical and dental care in violation of his Eighth and Fourteenth Amendment rights. After a stay in the Dallas County Jail, first as a pretrial detainee and then as a convicted prisoner,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bailey filed a complaint against Dallas County commissioners Mike Cantrell, Kenneth Mayfield, and Maurine Dickey; Staff Physician Dr. Paul Mills; Dallas County Sheriff Lupe Valdez; and Dallas County. He alleges that Mills and the dentist for the county jail failed to provide appropriate treatment for his Hepatitis C, hypertension, and dental decay and that Dallas County, Sheriff Valdez, and the county commissioners had knowledge of deficiencies in the provision of health care in the jail but failed to correct them.

Bailey first argues that the district court erred in denying his requests for the appointment of counsel. As we have said before, a "civil rights complainant has no right to the automatic appointment of counsel." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Bailey fails to show that his case presents the sort of exceptional circumstances that require the appointment of counsel and, therefore, fails to demonstrate that the district court abused its discretion in denying his motions for appointment. See id..

The district court determined that Bailey was complaining about episodic acts or omissions rather than the general conditions of his confinement. The complaints focused on individual treatment received from or denied by the physician and dentist. See Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997). All of the assertions regarding the policies or customs of Sheriff Valdez, the Dallas County commissioners, and Dallas County derive from these specific treatment decisions. See id. The district court properly characterized the claim as one involving episodic acts or omissions, which means that Bailey must establish a constitutional violation "done with subjective deliberate indifference to [his] constitutional rights." See id. at 53–54.

Bailey has failed to show any genuine issue of material fact as to whether Mills and the dentist demonstrated subjective deliberate indifference to his serious medical needs as a pretrial detainee or convicted prisoner. See FED. R. CIV. P. 56(c); Wilson v. Seiter, 501 U.S. 294, 297–98, 302–03 (1991); Gibbs v. Grimmette, 254 F.3d 545, 548–49 (5th Cir. 2001). He admits that both Mills and

the dentist responded to his requests for medical treatment and treated his medical conditions. While he disagrees with the treatment received, simple disagreement does not constitute a constitutional violation. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Bailey's conclusory assertions that he suffered harm from alleged delays in treatment are insufficient to create a dispute of material fact. See Michaels v. Avitech, Inc., 202 F.3d 746, 754–55 (5th Cir. 2000); Alizadeh v. Safeway Stores, Inc., 802 F.2d 111, 113 (5th Cir. 1986). Moreover, in the absence of an underlying constitutional violation, the policies or customs adopted or maintained by the Dallas County commissioners, Dallas County, or Valdez are not material facts. See Scott, 114 F.3d at 54; FED. R. CIV. P. 56(c).

Bailey argues that the district court erred in denying a motion to compel, a subpoena for a report on conditions in the Dallas County jail, and a motion to continue to permit him more time to authenticate his copy of the report on conditions in the jail. Because he has failed to show an underlying constitutional violation in the provision of medical and dental care, evidence regarding the policies, practices, and customs of the Dallas County Jail and county officials is not material to his claims. See Scott, 114 F.3d at 54; Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264 (5th Cir. 1991). Therefore, the district court did not abuse its discretion in denying the motions and in refusing to issue the subpoena. See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000); U.S. v. Soape, 169 F.3d 257, 268–70 (5th Cir. 1999); United States v. Barnett, 197 F.3d 138, 144 (5th Cir. 1999).

The district court also denied Bailey's motion for appointment of an expert. Federal Rule of Evidence 706(a) contemplates the appointment of an expert to assist the court, but Bailey sought an expert for his own benefit. See Hannah v. United States, 523 F.3d 597, 600 (5th Cir. 2008). Moreover, it was at an inappropriate stage of the litigation, after he had filed responses to the defendants' dispositive motions. See Hannah, 523 F.3d at 600. The district

court did not abuse its discretion by denying Bailey's motion for a court-appointed medical expert.  See Fugitt v. Jones, 549 F.2d 1001, 1006 (5th Cir. 1977).

There are further arguments that the district court erred when it denied Bailey's motion to supplement his response to the motions for summary judgment, refused to admit his declaration in support of the motion to supplement, refused to admit the appendix in support of the motion, and denied his "request to establish plaintiff's expert."  By failing to brief these arguments, however, Bailey has abandoned them.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

For the reasons set forth above, the judgment of the district court is AFFIRMED.