# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-30715
Summary Calendar

BENJAMIN BRANCH

Plaintiff-Appellant

v.

PATRICIA JACOBS; CHAD GILLORY; LYNN COOPER

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-898

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Benjamin Branch, Louisiana prisoner # 98404, appeals the district court's summary judgment dismissal of his pro se 42 U.S.C. § 1983 complaint, in which Branch sued Avoyelles Correctional Center Head Warden Lynn Cooper, Lieutenant Patricia Jacobs, and Nurse Chad Gillory. Branch's claims arise out of an incident that occurred on July 21, 2005, when he was allegedly placed in a holding cell while wearing handcuffs and shackles. He alleged that another inmate, Cornell Martin, was placed in the same holding cell without restraints

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and proceeded to beat Branch. Branch contended that prison officials knew of the danger that Martin presented and were deliberately indifferent to Branch's safety.

Branch argues in a conclusional fashion that the district court erred by dismissing his complaint because evidence established that the defendants violated his constitutional rights. Branch does not refer to specific, factual disputes. This type of general allegation does not demonstrate that the district court erred in granting the defendants' summary judgment motion. *See Alizadeh v. Safeway Stores, Inc.*, 802 F.2d 111, 113 (5th Cir. 1986); *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 407 (5th Cir. 2007). Undisputed facts indicate that neither inmate was a known enemy of the other to prison officials and that the three named defendants had no desire or intent to cause injury to Branch. Branch's conclusional allegations do not establish that he was incarcerated under conditions posing a substantial risk of serious harm and that the defendants were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994). Moreover, Branch submitted no evidence establishing that the defendants were aware of a substantial risk to his safety. Therefore, the district court did not err in concluding that the defendants did not act with deliberate indifference. *See Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006).

Branch has also set forth a policy-based challenge, arguing that the defendants' actions violated policy set by Head Warden Cooper regarding the handling of maximum security inmates. He contends that Head Warden Cooper was liable for not enforcing prison policy. Branch did not make this policy-based argument in the district court. Branch cannot attack summary judgment on appeal by raising issues that were not raised before the district court. *See John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 710-11 (5th Cir. 1985). In any event, Branch's arguments regarding his policy-based challenge are conclusional and unsupported by record evidence. In sum, Branch has not established that

2

the district court erred in dismissing his claims. *See Alizadeh,* 802 F.2d at 113; *Brown v. Bryan County,* 219 F. 3d 450, 459-62 (5th Cir. 2000).

For the foregoing reasons, the judgment of the district court is AFFIRMED.