REVISED JULY 20, 2009
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-20299
Summary Calendar

JAMES SCOT THOMAS

Plaintiff-Appellant

v.

ED OWENS ; JAY T MORGAN; ERNEST H GUTIERREZ, JR; BRADLEY K HUTCHISON; JAMES D HOSEA; SAMUEL M HUGHES; BILLY G JOHNSON, JR ; WILLIAM D JONES; ROBERT H QUADA, JR; DEMETRIE PHIPPS ; LISA HARRISON; REGINA KIZZEE; JAMES N ACKLEY ; KEITH A ARMSTRONG; LINDSAY D GARZA; AAMBER N NANCE; JAMES V MOSELEY; DINNIS M CHIDESTER; GARY F BAKE; MICHAEL E HOOT; MARY THORNTON; TERESA PLACE; KELLI WARD, Individually and In Their Official Capacity; WAYNE BREWER; DERRELL W SUTTON; DUSTIE L MCCLURE

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1553

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Scot Thomas, Texas prisoner # 1157623, appeals the grant of summary judgment in part and dismissal as frivolous in part of his 42 U.S.C. § 1983 action against Ed Owens, Jay T. Morgan, Ernest H. Gutierrez, Jr., Bradley K. Hutchison, James D. Hosea, Samuel M. Hughes, Billy G. Johnson, Jr., William D. Jones, Robert H. Quada, Jr., Demetrie M. Phipps, Lisa Harrison, Regina Kizzee, James N. Ackley, Keith A. Armstrong, Lindsay D. Garza, Amber N. Nance, James V. Moseley, Dinnis M. Chidester, Gary F. Bake, Michael E. Hoot, Mary Thornton, Teresa Place, and Kelli Ward. Thomas's allegations stem from prison officials' efforts to house Thomas in a shared prison cell and the punishment for his physical resistance to having a roommate placed in his cell.

Thomas asserted that prison officers used excessive force and injured him as they restrained him after he attacked them as they entered the cell with another inmate. After the incident, Thomas asserted, prison officials deprived him of five meals, mail services, access to the grievance and legal system; as well as toilet paper, clothes, sheets, legal materials, a mattress, and a toothbrush. Thomas also asserted that he was denied medical care for the injuries caused by the officers and was refused his prescription eyeglasses for months. Moseley, Chidester, Hutchinson, Hosea, Hoot, Hughes, Johnson, Jones, and Garza filed a motion for summary judgment, which the district court granted. The district court further determined that Thomas's claims lacked an arguable basis in law and were otherwise subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Thomas timely appealed. FED. R. APP. P. 4(a).

Thomas has filed a motion for leave to file an out of time reply brief and a motion for leave to file a supplemental brief. The proposed reply brief and supplemental brief are copies of the same document. Therefore, the motion to file an out of time reply is GRANTED. The motion for leave to file the same brief as supplemental is DENIED as duplicative. Thomas has also filed a motion for leave to file a second supplemental brief. The motion is GRANTED.

On appeal, Thomas argues that prison officials subjected him to cruel and unusual punishment because they knew that Thomas faced a substantial risk of injury if he were housed in a cell with another inmate. Thomas's generalized and conclusory assertions that "[i]t is common knowledge that a prisoner perceived to be a child molester unquestionably has a greater likelyhood [sic] of being assaulted" is insufficient to show the requisite subjective knowledge of risk or to state an Eighth Amendment claim regarding the conditions of confinement See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Thomas similarly fails to show that the degree of force used by officers as they entered his cell was excessive in the context of Thomas's repeated threats and physical attack on officers. See Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998). The evidence introduced at the Spears hearing and the summary judgment evidence showed that the cut above Thomas's eye was superficial and that there was no apparent injury to Thomas's wrist from the October 11, 2005 incident, as shown by an x-ray done less than two weeks after the incident. Thomas has presented nothing beyond his own assertions to dispute this evidence. His unsupported allegations that a possible wrist fracture seen in an x-ray months later was due to the incident or that he suffered a bone chip above his eye are insufficient to show that the district court erred in granted summary judgment on this claim. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Alizadeh v. Safeway Stores, Inc., 802 F.2d 111, 113 (5th Cir. 1986). As for the supervisory officials whom Thomas sought to hold responsible for the incident under a theory of respondeat superior, Thomas's legal boilerplate fails to establish that the supervisor defendants had any personal involvement in or a direct causal connection to the alleged violation. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

In connection with his excessive force claim, Thomas argues that the district court erred in denying his motion to amend his complaint to add Porter as a defendant. Although the district court abused its discretion by denying the

motion to amend without providing any reason; see Lowrey v. Texas A & M University System, 117 F.3d 242, 245 (5th Cir. 1997) (citation omitted); Thomas can show no prejudice from the error, as the district court specifically analyzed and rejected the claims against Porter. See id. at 246.

Thomas argues that he was denied five consecutive hot meals, an adequate mattress for several days and any mattress for three days, toilet paper for two days, "level-3 property," a toothbrush, clothes, sheets, and eating utensils for days as well. To the extent Thomas now asserts that his claims regarding seized property were are Fourth Amendment claims, they are raised for the first time on appeal and are not briefed. Therefore, we do not address them. See Burch v. Coca-Cola, 119 F.3d 305, 319 (5th Cir. 1997); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also FED. R. APP. P. 28(a)(9)(A).

The Eighth Amendment claims are without merit. The Eighth Amendment does not mandate comfortable prisons. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Rather, it protects prisoners against the wanton and unnecessary infliction of pain and exposure to egregious physical conditions that deprive them of basic human needs. Id. Thomas has not alleged deprivations leading to such egregious conditions in the temporary denial of certain personal property and hygiene items. See Hernandez v. Velasquez, 522 F.3d 556, 560 (5th Cir. 2008). Moreover, although prisoners have a constitutionally protected right of access to the courts; Bounds v. Smith, 430 U.S. 817, 821 (1977); the Supreme Court has not extended the right to encompass more than the ability to prepare and transmit a necessary legal document to a court, which Thomas admits and the record shows he was able to do. See Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).

Thomas argues that Thornton and Place failed to properly treat his wrist injury and denied him needed prescription glasses. In support of the claims, Thomas offers only his own conclusory assertions that they knew of and failed to treat the alleged injury. He also alleges no facts showing that he suffered

substantial harm from any delay. He admits that medical staff saw him following the October 11, 2005 incident. The prison doctor testified at the Spears hearing that medical staff ordered and performed an x-ray within two weeks of the incident, which x-ray showed no injury. According to the same testimony, medical staff performed another x-ray in February 2006 that showed a possible hairline fracture. Thomas's own evidence indicates that the October 2005 x-ray showed no fracture and that no treatment was given for a wrist injury on the basis of that x-ray. Thomas disputes that the injury occurred after the October 2005 x-ray was taken, but presents no facts to support the assertion. The unsupported allegations that prison officials knew that officers had injured his wrist and were attempting to cover up the injury by not treating it are insufficient to show indifference much less a wanton disregard. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying Farmer to medical care claim).

Thomas's claims regarding the denial of his prescription eyeglasses is similarly unavailing. His claim that he "essentially blind" without glasses is again refuted by his own evidence. Although he filed numerous grievances in the months after he alleges his glasses were taken in August 2005, the complaints mention the glasses intermittently and then without urgency, stating only that Thomas "cannot see well." The record establishes no substantial harm or that officials had a subjective awareness of such harm so as to state a constitutional claim. See Farmer, 511 U.S. at 839-40; Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006).

Thomas's assertion that prison officials improperly processed grievances fails to establish that his position as a litigant was prejudiced and thus fails to state a constitutional claim. See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993). Thomas not only filed a suit challenging the actions and deprivations alleged in his grievances, but that suit was considered and disposed of on the merits. To the extent that he is challenging the outcome of the

grievance process, Thomas has no protected liberty interest in having the grievances resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

For these reasons, the district court's judgment granting summary judgment in favor of Moseley, Chidester, Hutchinson, Hosea, Hoot, Hughes, Johnson, Jones, and Garza and dismissing the claims against the remaining defendants is AFFIRMED.

Thomas has also filed a motion to disqualify the district court judge. He argues that the district court judge misinterpreted his claims and misunderstood the facts of his case. Thomas provides no explanation for his failure to seek recusal of the district court judge earlier and has failed to allege exceptional circumstances why this court should consider the recusal issue for the first time in this appeal. See Clay v. Allen, 242 F.3d 679, 681 (5th Cir. 2001). His motion to disqualify the district court judge is, therefore, DENIED as untimely. See Clay, 242 F.3d at 681. The motion for oral argument is likewise DENIED. See FED. R. APP. P. 34(a).